OPINION
{¶ 1} On September 5, 2003, appellee, Clayton Smith, filed a legal malpractice complaint against appellant, Craig Conley. Appellant had represented appellee in a criminal matter in which a jury on August 21, 2002 convicted appellee of passing a bad check in violation of R.C. 2913.11 (Case No. 2002CR0215).
 {¶ 2} On November 4, 2003, appellant filed a motion for leave to plead. On November 10, 2003, appellee filed a motion for default judgment. By judgment entry filed November 12, 2003, the trial court denied appellee's motion for default judgment and granted appellant's motion for leave to plead.
 {¶ 3} Appellant filed an answer and counterclaim on November 25, 2003 and a motion for summary judgment on December 19, 2003. By judgment entry filed February 4, 2004, the trial court granted appellant's motion for summary judgment, finding appellee's claim was barred by the applicable statute of limitations. The trial court sua sponte dismissed the entire case on March 12, 2004.
 {¶ 1} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 2} "The trial court erred in sua sponte dismissing this action."
 II {¶ 3} "The trial court's sua sponte dismissal of this action deprived counterclaimant/appellant of his due process rights."
 III {¶ 4} "The trial court's sua sponte dismissal of this action was ultra vires."
 I, II, III {¶ 5} Appellant claims the trial court erred in sua sponte dismissing his counterclaims for defamation, public policy torts, abuse of judicial process, tortious inference with business relationship, negligent and intentional infliction of emotional harm, fraudulent inducement and detrimental reliance. We agree.
 {¶ 6} The dismissal of the counterclaims was done on the trial court's own initiative and not on the merits and therefore was without prejudice. CIv.R. 41(B). The trial court is not permitted pursuant to Civ.R. 12(C) on its own initiative to grant judgment on the pleadings. The matter was newly plead when it was dismissed (filed December 9, 2003, dismissed March 12, 2004).
 {¶ 7} Upon review, we find the trial court erred in dismissing the counterclaims.
 {¶ 8} Assignments of Error I, II and III are granted and the counterclaims are reinstated.
 {¶ 9} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
Farmer, J. Gwin, P.J. and Reader, V.J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed.